UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBIE JACKSON, IV,

    Plaintiff,

v.

                                                                        Case No. 3:25-cv-68-MMH-SJH

STATE OF FLORIDA, et al.,

    Defendant.
_____

## **ORDER OF DISMISSAL WTHOUT PREJUDICE**

Plaintiff, Bobbie Jackson, IV, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1; Complaint.)[1] He also moves to proceed in forma pauperis. (Doc. 2; Motion). Plaintiff names five Defendants: (1) the State of Florida in its official capacity; (2) the Secretary of the Florida Department of Corrections (FDOC) in its official capacity; (3) Judge Marianne Aho in her individual capacity; (4) state prosecutor, Christina Stifler, in her individual capacity; and (5) state prosecutor, Johnathan Atkinson, in his individual capacity. Complaint at 3–4. Jackson alleges he is "illegally restrained" based on a "wrongful conviction" and "received a nonexistent mandatory life sentence for a third degree offense

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

by Marianne Aho, Christina Stifler, [and] Johnathan Atkinson" Id. at 5, 6. He asserts he suffered "mental damages" as a result and requests monetary damages as relief. Id. at 6.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted,"

2

the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original

alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Jackson's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Jackson's Complaint fails to state a plausible § 1983 claim. First, while it is unclear the exact claim Jackson intends to bring, the action appears barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that,

> to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486–87. Here, Jackson's allegations revolve around his assertion that his conviction and sentence are illegal without any indication that his conviction or sentence have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Accordingly, such claim is not cognizable under § 1983.

Further, the named Defendants are not subject to suit in this action. Section 1983 provides that a "person," acting under color of law, who deprives another of his or her constitutional or statutory rights can be held liable to the injured party. 42 U.S.C. § 1983. The State of Florida is not a "person" within the meaning of § 1983, and therefore is not a proper defendant. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Similarly, state and governmental entities that are considered "arms of the state" are also not

6

"persons" subject to monetary liability for purposes of a § 1983 action. Will, 491 U.S. at 70. The FDOC is an arm of the executive branch of the state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983, rendering Jackson's claim for monetary damages against the FDOC unavailable. See Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) ("As the [F]DOC is a state agency, and thus not a person within the meaning of § 1983, Gardner's § 1983 claim for damages against the [F]DOC is frivolous.")[3] (citing Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1524 (11th Cir. 1995)). Accordingly, the claims against the State of Florida and FDOC are due to be dismissed.

Additionally, "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018). This immunity applies "for judicial acts regardless of whether [s]he made a mistake, acted maliciously, or exceeded his authority." Id. at 1331 (citing Dykes v. Hosemann, 776 F.2d 942, 947 (11th Cir. 1985) (en banc)). Prosecutors also have absolute immunity from § 1983 actions that arise from the prosecutor's conduct "intimately associated with

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

7

the judicial phase of the criminal process." Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009) (citing Van de Kamp v. Goldstein, 555 U.S. 335, 340–41 (2009)). Such absolute immunity applies to a prosecutor's actions when the prosecutor is acting as an advocate for the State, even where those actions may have been "wrongful or malicious." Id. at 1295, 1298. Jackson's allegations against Judge Aho and prosecutors Stifler and Atkinson relate entirely to their participation in his state criminal trial and resulting sentence. Such actions constitute judicial acts by the judge and "conduct intimately associated with the judicial process" by the prosecutors. See McCullough, 907 F.3d at 1331 ("[S]entencing a defendant . . . is a judicial act.); Hart, 587 F.3d at 1296–99 (stating "immunity applies . . . to the prosecutor's actions in initiating a prosecution and presenting the State's case" and upholding immunity to prosecutor where "all of [the prosecutor's] actions were directly related to and intimately associated with the state trial court's sentence and his role as an advocate regarding the court's sentence."). Accordingly, Defendants Aho, Stifler, and Atkinson are immune from liability for the claims in this action and the claims against them are due to be dismissed.

For all of the foregoing reasons, Jackson has failed to state any viable claim, and this case is due to be dismissed without prejudice to Jackson's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual

8

allegations to support a claim against a proper defendant if he elects to do so. To the extent that Jackson wishes to challenge the constitutionality of his conviction or sentence, such relief is available through 28 U.S.C. § 2254.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of March, 2025.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

JaxP-12

C:  Bobbie Jackson, IV, #J50037